**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHAUN LEFLEUR,

    Plaintiff,

v.                                                                          No. 24-921 MIS/SCY

BOARD OFM COUNTY COMMISSIONERS
OF OTERO COUNTY; ANDREA
STAFFORD; and VITALCORE
HEALTH STRATEGIES,

    Defendants.

## <u>ORDER DENYING MOTION TO APPOINT COUNSEL</u>

This matter is before the Court on Plaintiff' Motion for Appointment of Counsel, filed

May 26, 2026. Doc. 36. Plaintiff, who is proceeding pro se and in forma pauperis and who is

incarcerated in Northern New Mexico Detention facility, asks that he be appointed counsel to

assist with his Section 1983 lawsuit for inadequate medical care. *Id.* Having reviewed the docket

and the relevant law, the Court concludes that the motion should be denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only

'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397

(10th Cir. 2016); *see also* 28 U.S.C. § 1915(e)(1) (regarding in forma pauperis cases, "[t]he court

may request an attorney to represent any person unable to afford counsel"). "The decision to

appoint counsel is left to the sound discretion of the district court." *Baker v. Simmons*, 65 Fed.

App'x 231, 238 (10th Cir. 2003) (quoting *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir.

2001)).

In determining whether to request that an attorney take the case, the Court should

consider several factors: "the merits of the claims, the nature of the claims, [the inmate's] ability

to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. At this time, Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Plaintiff argues that his case involved complex medical issues such that counsel is needed. Doc. 36 at 2. However, Plaintiff's complaint and supplements reveal that Plaintiff is sufficiently capable of representing his interests in this matter. Indeed, upon initial screening, the Court found Plaintiff's complaint survived screening as to Defendant Stafford, but that it failed to state a claim as to Defendants Board and Vitalcore. Doc. 30. The Court thus allowed Plaintiff to file a supplement to his complaint, *id.* at 4, which he did, fixing the deficiencies, Doc. 32.

Plaintiff also asserts that counsel would assist the Court in evaluating his claims. Doc. 36 at 3. However, at this time, a *Martinez* report can likewise assist the Court. *See Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("Under the *Martinez* procedure, the district judge or a United States magistrate to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claim"); *see also* Doc. 30 (screening order, referring this case to the Magistrate Judge to conduct a *Martinez* investigation).

**IT IS THEREFORE ORDERED** that the Motion for Appointment of Counsel (Doc. 36) is DENIED WITHOUT PREJUDICE.

_____
UNITED STATES MAGISTRATE JUDGE

2