**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SHAUN C. LEFLEUR,

      Plaintiff,

v.                                    Civ. No. 24-921 MIS/SCY

BOARD OF COUNTY COMMISSIONERS
OF OTERO COUNTY; ANDREA
STAFFORD; and VITALCORE
HEALTH STRATEGIES,

      Defendants.

## ORDER TO FILE A *MARTINEZ* REPORT

This matter comes before the Court sua sponte following its orders for service. Doc. 30, 34. In those orders, the Court found that Plaintiff's complaint and supplements sufficiently stated a claim to survive initial review under 28 U.S.C. § 1915(e) and as such, the Court ordered service on Defendants. *Id.* As Defendants have now appeared and answered the complaint, Docs. 51 & 53, the Court enters this order for a *Martinez* Report and to address Plaintiff's recent filings.

### *MARTINEZ* REPORT

Under *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978), the Court may order Defendants to investigate the incidents underlying Plaintiff's claims and submit a report of their investigation in order to develop a factual or legal basis for determining whether Plaintiff has meritorious claims. A *Martinez* Report may be used in a variety of contexts, including motions for summary judgment or a *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to

1

present conflicting evidence to controvert the facts set out in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Defendants Board of County Commissioners of Otero County, Andrea Stafford, and VitalCore Health Strategies, either jointly or separately, are directed to file a *Martinez* Report, with or without an accompanying dispositive motion, in accordance with the instructions below.

## PLAINTIFF'S OTHER MOTIONS

Following the orders for service, Plaintiff filed a series of requests and motions. First, Plaintiff requests copies of the docket sheet, waivers of service sent to Defendants, and the "order with deadline for response from Defendant." Doc. 35; *see also* Doc. 42 (requesting the "notice that was sent to Andrea by waiver of service. Just one page showing that she must answer and with a date").[1] The Court has already sent Plaintiff a copy of the docket sheet and this Order serves as the deadline for Defendants to respond with a *Martinez* Report. As to copies of the waivers of service sent to Defendants, the Court sent Defendants the standard notice and waiver forms from the Administrative Office of the Courts—AO form 398 and AO form 399. As such, the Court denies Plaintiff's requests (Docs. 35, 40, 42) as moot.

Second, Plaintiff filed an opposed Motion for Appointment for Court Appointed Medical Expert. Doc. 41; *see also* Doc. 47 (response); Doc. 49 (joinder to response). Plaintiff requests that the Court appoint a medical expert under Federal Rule of Evidence 706 "to assist the Court in understanding Plaintiff's types of medical issues." *Id.* at 1. The Court finds Plaintiff's request to appoint a medical expert premature at this stage of the case, where the Court is ordering a *Martinez* Report to determine whether Plaintiff has meritorious claims. Indeed, at this stage, the

---

[1] Plaintiff also filed a notice regarding records requests under the Inspection of Public Records Act ("IPRA"). Doc. 40. However, he later asked the Court to "overlook the last [IPRA] request." Doc. 42 at 2.

Court does not find Plaintiff's claim of deliberate indifference to be sufficiently complicated that an independent medical expert would be necessary. *See Rachel v. Troutt*, 820 F.3d 390, 398 (10th Cir. 2016) ("The district court did not abuse its discretion [in denying a Rule 706 motion to appointment medical expert] because the nature of [inmate-plaintiff's] underlying claim is not sufficiently complicated to require an independent medical expert.") (citing *Ledford v. Sullivan,* 105 F.3d 354, 359 (7th Cir. 1997), which upheld the denial of a medical expert for an inmate-plaintiff's claim of deliberate indifference to serious medical needs because the determination of deliberate indifference was not sufficiently complicated to require a medical expert). Plaintiff also argues that a Court-appointed medical expert is necessary because he "cannot obtain an expert without court assistance." Doc. 41 at 2. However, "[c]ourts may not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." *Witkin v. Lotersztain*, 635 F. Supp. 3d 992, 996 (E.D. Cal. 2022) (internal quotation marks and citation omitted). Accordingly, Plaintiff's motion (Doc. 41) is denied without prejudice.

Lastly, Plaintiff filed a Motion for Order Waiving Fees for Copying and Printing Documents for this Case. Docs. 43, 44. In this motion Plaintiff requests,

> [a]n order to waive costs of fee's by NMCD Law Library that pertain to this case. Documents such as Vitalcores policys and contract with Otero BOCC and all other documents included but not limited to motions that petitioner may need to construct and print until this case is resolved. And information that the petitioner has obtained and is on Flashdrive or CD from such sources as BOCC and Vitalcore.

Doc. 43 at 1; Doc. 44 at 1 [sic]. To the extent Plaintiff is asking the Court to waive any fees charged by New Mexico Corrections Department ("NMCD"), Plaintiff cites no authority the Court has to waive fees on behalf of a non-party. To the extent Plaintiff is requesting fees be waived for documents filed in this case, including the *Martinez* Report and attachments, the Court agrees that such filings shall be provided to Plaintiff without fee. As directed below,

3

Defendants must serve Plaintiff with a complete copy of the *Martinez* Report and all attachments. Accordingly, Plaintiff's motion (Docs. 43, 44) is granted in part as to documents filed in this case but denied as to fees charged by NMCD.

## CONCLUSION

It is therefore ordered that Defendants Board of County Commissioners of Otero County, Andrea Stafford, and VitalCore Health Strategies shall file a *Martinez* Report, with or without dispositive motions. Defendants may elect to file a joint *Martinez* Report, or separate Reports, as long as all the following instructions are met:

1. Defendants' comprehensive *Martinez* Report shall address Plaintiff's remaining claims as well as any defenses Defendants wish to pursue, and it should include, but is not limited to:

   a. Setting forth the facts needed to resolve Plaintiff's claims including,
      i. the names of any persons who dealt directly with Plaintiff during the relevant time period;
      ii. whether any records or documents exist pertaining to the events at issue;

   b. Providing copies of all records and documents pertaining to the events at issue;

   c. Providing affidavits in support of the Report, if necessary.

2. All records and documents submitted with the Report must be submitted with an index. The index must identify each record and document submitted, by number, and each record and document must be marked with a tab or label showing its number. Additionally, the Report and each record and document submitted with the Report must have its pages numbered using Bates stamps, or a similar numbering system.

3. The submission of documents alone shall not be considered in compliance with this Order. Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses Plaintiff's claims and the submissions that relate to these claims.

4.      A complete copy of the Report and all attachments must be filed on the case docket and served on Plaintiff.

5.      The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the Report and provide that version to Plaintiff. Alternatively, Defendants may request that Plaintiff not be permitted to review certain portions of the Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the Report filing and service date below. The entire Report must be submitted along with the objections, both under seal, to the Court for ruling.

6.      Defendants shall file and serve the Report and any dispositive motions on or before **August 14, 2026**.

7.      Plaintiff shall file his response to the Report and his response to any dispositive motions on or before **September 14, 2026**.

8.      Defendants shall file and serve their reply, if any, to Plaintiff's response on or before **September 28, 2026**.

The parties are hereby given notice that the *Martinez* Report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's remaining claims.

Lastly, the Court DENIES AS MOOTS Plaintiff's requests for documents (Docs. 35, 40, 42); DENIES WITHOUT PREJUDICE Plaintiff's Motion for Appointment for Court Appointed Medical Expert (Doc. 41); and GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Order Waiving Fees for Copying and Printing of Documents for this Case (Docs. 43, 44).

**IT IS SO ORDERED.**

Steven C. Yarbrough
United States Magistrate Judge

5